STATE OF NEW JERSEY, APPELLANT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, A BODY CORPORATE, RESPONDENT.

Argued July 2, 1917—Decided November 19, 1917.

The act of 1915 (*Pamph. L., p.* 772), amending the charter of the Morris and Essex railroad, having been declared unconstitutional in so far as it required the railroad company to carry a member of the fish and game commission free of charge, the action for a penalty, against the railroad company, founded upon its failure to comply with the mandate of such amendment, must fall with the amendment.

---

On appeal from the Supreme Court.

For the appellant, *Josiah Stryker* and *John W. Wescott,* attorney-general.

For the respondent, *William J. Larrabee.*

The opinion of the court was delivered by

KALISCH, J. The state brought its action in the court below against the defendant railroad company to recover a penalty of $1,000 for a violation by it of the act entitled "An

act to amend an act entitled 'A further supplement to the act entitled "An act to incorporate the Morris and Essex railroad," passed January twenty-ninth, one thousand eight hundred and thirty-five,' " which supplement was approved February nineteenth, eighteen hundred and fifty-one. *Pamph. L.* 1915, *p.* 772.

The violation charged against the defendant company was that it refused to carry one Ernest Napier, a member of the board of fish and game commissioners, over its line while traveling on official business of the state, without payment of fare, as required by the amendment above referred to.

The case was tried in the Essex Circuit without a jury, and resulted in a judgment in favor of the railroad company. From that judgment the state has appealed to this court. We have decided, at the present term, in the case of Ernest Napier, appellant, against the Delaware, Lackawanna and Western Railroad Company, respondent, that the amendment upon which this action for a penalty is founded, so far as it required the railroad company to carry Ernest Napier, the fish and game commissioner, while traveling on official business of the state, over its line, without payment of fare, is unconstitutional.

It follows, therefore, as a logical sequence, that the action for a penalty against the railroad company, founded upon the company's failure to comply with the mandate of the amendment denounced as unconstitutional, must fall with the amendment.

The judgment will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, JJ. 11.

*For reversal*—None.